IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>  v.   )<br>  )<br> REYNALDO B. REGIS,   )<br>  )<br> Defendant.   ) | No. 1:18-CR-209<br><br>The Honorable Liam O'Grady<br><br>Sentencing Date: November 2, 2018 |

## **POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by and through its undersigned attorneys, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines"), hereby files this Position of the United States With Respect to Sentencing of the defendant, Reynaldo B. Regis. The United States has no objection to the presentence investigation report ("PSR"), which correctly calculates the Guidelines range. The United States respectfully submits that a sentence within the Guidelines range of zero to six months would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a). The government, however, requests that any term of probation or supervised release entered by the court be the maximum term for that type of penalty (*i.e.* five years if a sentence of probation; three years if a sentence of supervised release after a period of incarceration), and that as a condition of any such term of probation or supervised release, the defendant be barred from any foreign travel without the consent of the probation office and notification of such travel to the victim agency.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

As set forth in the PSR and in the statement of facts filed with the plea agreement, between August 2006 and November 3, 2016 (with the exception of a two-year period between approximately 2010 and 2012), the defendant was employed at multiple government contracting firms and assigned to work at the Central Intelligence Agency (CIA), in Langley, Virginia, in the Eastern District of Virginia. While working at the CIA, the defendant held a Top Secret/Sensitive Compartmented Information security clearance, and had access to a broad spectrum of classified information in various CIA databases relating to CIA programs, operations, methods, sources, and personnel.

As part of the defendant's job description, he was tasked with researching persons in classified databases. However, throughout his time at CIA, he conducted unauthorized searches within those classified databases for individuals he had not been assigned to research. These unauthorized searches returned classified information regarding, *inter alia*, highly sensitive intelligence reports.

Over the years of his assignment to CIA, the defendant used various notebooks to take notes in his workspace, often while he was viewing classified information. In a total of approximately 60 notebooks kept over the ten-year period of his time at CIA, he memorialized several hundred instances of classified information, much of which was classified at the SECRET level.[1] The defendant would take these notebooks in and out of his workspace in his personal bag, carry them home in his car, and store them in his residence. Neither the defendant's car nor his residence were or ever have been approved for the storage of classified information.

---

[1] Pursuant to Executive Order 13526, the unauthorized disclosure of information classified as "Secret" could reasonably be expected to cause "serious damage" to the national security.

On November 3, 2016, searches of the defendant's car and residence were executed, and the approximately 60 notebooks were recovered. Contemporaneously, the defendant participated in a voluntary, non-custodial interview with two FBI agents. The defendant was informed that he was not required to speak with the agents, but that if he decided to speak with them, he was required to be truthful under penalty of law. The defendant acknowledged during the interview that he understood the consequences of any failure to be truthful. Nevertheless, during the course of that interview, the defendant made multiple false statements to the agents, specifically telling them: a) that he had never written classified information in his notebooks, and b) that he had never removed any classified information from his workspace.

On May 11, 2018, the defendant appeared, waived Indictment, and pled guilty to a two-count Information charging him with Unauthorized Removal and Retention of Classified Information, in violation of 18 U.S.C. § 1924,[2] and Making Material False Statements, in violation of 18 U.S.C. § 1001.

## II.  ARGUMENT

### A. Sentencing Guidelines and Sentencing Factors

In considering an appropriate sentence, a district court examines both the Sentencing Guidelines and the statutory factors established under 18 U.S.C. § 3553(a). *See United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). To determine a sentence, "[a] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." *Id*. at 546. "Then, the court shall consider that range as well as other relevant factors set forth in

---

[2] At the time the defendant committed the offense, and for purposes of his conviction and sentencing, a violation of 18 U.S.C. § 1924 was a misdemeanor with a maximum sentence of one year of incarceration. Earlier this year, in recognition of the seriousness of the crime of unauthorized removal of classified material, Congress amended the law to make a violation a felony punishable by up to five years of incarceration. *See* FISA Amendments Reauthorization Act of 2017, Pub L. No. 115-118, § 202, 132 Stat. 3, 19 (2018).

the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *Id.* at 546. Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). The Supreme Court held in *United States v. Booker*, 543 U.S. 220 (2005), that although the Sentencing Guidelines are advisory in nature, courts "must consult these Guidelines and take them into account when sentencing." *Id.* at 264.

### B. Guidelines Calculation

In accordance with Section 6A1.2 of the Guidelines, the United States represents that it has reviewed the PSR prepared in this matter and concurs with the findings of the Probation Office and its Guidelines range calculation of 0 to 6 months, based on a total offense level of 6 and a Criminal History Category of I.

### C. Application of 18 U.S.C. § 3553 Factors and the Government's Recommendation

In this case, the government submits that the defendant should receive a sentence that includes a term of imprisonment within the Guidelines range of 0 to 6 months. This is a serious case, and the mishandling of classified information by government employees and contractors is a critical issue, especially when coupled with lying to law enforcement. The victim agency has represented to the government that had the information memorialized in the defendant's notebooks been transmitted to anyone not authorized to receive it, it would have potentially caused serious damage to the national security. Government employees and contractors, especially those assigned to functions within the intelligence community, need to know that any failure to safeguard the information they are charged with protecting will have severe consequences.

The defendant not only abused the position of trust granted him by his government employers, he then compounded his crime by deliberately lying about it to federal investigators. The defendant was repeatedly told during his interview that the matters being discussed were of grave importance to the victim agency and that he needed to tell the truth to assist in the investigation, yet he chose to lie to prevent investigators from getting a complete picture of the scope of his conduct. The sentence imposed here should reflect the fact that lying to federal investigators has real consequences, especially in an investigation of such importance.

It is true that the defendant ultimately admitted to his conduct and accepted responsibility for his actions, including by pleading guilty. In accordance with his plea agreement, the defendant has participated in approximately half a dozen debrief sessions, the purpose of which was to assist the victim agency by providing information about how the defendant stored the classified materials and what searches he conducted, in order to allow them to conduct necessary risk assessments and protect their information against any inadvertent spills that might have occurred through the defendant's mishandling. This assistance is appropriately accounted for in the calculation of the Guideline range, in that he received a reduction for acceptance of responsibility that offset a properly-applied abuse of trust enhancement.

The history and characteristics of this defendant make a Guidelines sentence appropriate in this case. Though the government recognizes his history of service to his adopted homeland, the defendant's conduct with regard to the unauthorized searches and mishandling of classified information was clearly a gross violation of both law and principle. The government believes that a period of incarceration within the Guidelines range would serve as an adequate deterrent to others, and a just punishment for this defendant. In addition, the government requests that any term of probation or supervised release imposed as part of the sentence in this case be at the

maximum end of the statutory range for that type of penalty (*i.e.*, five years if a sentence of probation is imposed, and three years if a sentence of supervised release is imposed after a period of incarceration), and to the extent it is not already addressed by the standard conditions, that any conditions of probation or supervised release include the requirement that the defendant not travel outside the United States without the express approval of his probation officer and, specifically, that the victim agency receive notification in advance of any such travel. This condition of release would have the effect of protecting the national security from any further mishandling of classified information by the defendant, who, despite no longer having a security clearance, of course still possesses classified information in his memory. This condition should be a natural deterrent against any further criminal conduct by the defendant.

In sum, a sentence within the Guidelines range of 0 to 6 months will adequately address the nature and circumstances of the offense and account for the defendant's history and characteristics. In addition, such a sentence would provide specific deterrence for this defendant, provide protection for the public, and promote respect for the law. Most importantly, a sentence within the Guidelines range would communicate the seriousness and dangerousness of this offense to the public and to others engaged in similar criminal conduct, including those members of the intelligence community who may contemplate anything less than the complete security of our nation's most valued secrets.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully submits that a Guidelines sentence of 0 to 6 months of imprisonment would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____
Danya E. Atiyeh
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 299-3982 (fax)
danya.e.atiyeh@usdoj.gov

Scott A. Claffee
Trial Attorney
United States Department of Justice
National Security Division

## CERTIFICATE OF SERVICE

I certify that on October 25, 2018, I filed the foregoing using the ECF system, which will send a copy to defense counsel of record.

                                                                   /s/
                                               Danya E. Atiyeh
                                               Virginia Bar No. 81821
                                               Assistant United States Attorney
                                               United States Attorney's Office
                                               2100 Jamieson Ave.
                                               Alexandria, VA 22314
                                               (703) 299-3700
                                               (703) 299-3982 (fax)
                                               danya.e.atiyeh@usdoj.gov